WANNER and wife, Appellants, vs. WANNER and wife, Re-
spondents.

*November 29—December 13, 1907.*

*Cancellation of instruments: Defaults of plaintiff: Personal care and
service: Relief.*

In an action in equity brought by aged persons to set aside a con-
veyance of their homestead farm to their son in consideration
of money payments and a bond for support involving the fur-
nishing of board, fuel, and personal services, it appeared,
among other things, and was also found by the court, that the
plaintiffs first breached the contract and made it practically im-
possible for defendants to carry out their agreements. *Held,*
that plaintiffs could not demand a rescission and could not com-
plain of a judgment requiring defendants to render them an-
nually a full cash equivalent for the board, fuel, and personal
services provided in the bond.

APPEAL from a judgment of the circuit court for Shawano-
county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an action in equity brought by the plaintiffs, who
are aged persons, to set aside a conveyance of their homestead
farm made October 23, 1897, to the defendant *Herman
Wanner,* their son, in consideration of the son's notes for
$1,000 and a bond for support in the penal sum of $1,000 se-
cured by mortgage upon the land. The case was here before
upon an appeal by the plaintiffs from a judgment denying
rescission and holding that the plaintiffs' only remedy was
by enforcing the mortgage, and this court reversed the judg-
ment and remanded the action for a new trial. *Wanner v.
Wanner,* 115 Wis. 196, 91 N. W. 671. The case has been
tried again before a referee, and from the judgment entered
on confirmation of the referee's report the plaintiffs again ap-
peal. The terms of the bond for support and many other ma-
terial facts are stated in the statement of the case upon the
former appeal and need not be repeated here. The referee

found, among other things, that the defendants had failed
to comply with the conditions of the bond for support by fail-
ing to furnish the plaintiffs with table board and failing
to make the annual cash payment of $30 since December
1, 1900, and that they were fully justified in refusing fur-
ther to carry out the provisions of the bond. As conclusions of
law the referee found that the plaintiffs were not entitled to
cancellation of the deed, and that from and after the date of
the judgment the defendants should pay the plaintiffs (in
lieu of the annual payment of $30 cash and the furnishing
of the board, personal services, and fuel) $200 in cash in
quarterly instalments during the life of both plaintiffs, and
to the survivor $125 in cash during survivorship; that the
plaintiffs should have the free use of the kitchen and bedroom
which they now occupy up to the death of the survivor; that
the defendants should pay the reasonable burial expenses of
both plaintiffs, and should also pay to the plaintiffs $563
within six months in lieu of the support and care which had
not been furnished since December 1, 1900, as well as the
$100 note due in the fall of 1905, which is the only remain-
ing unpaid note of the purchase-money notes given by *Her-
man* at the time the conveyance was made. The referee also
found that each party should pay his own costs and disburse-
ments. The referee's findings were confirmed, and judgment
entered in accordance therewith.

The cause was submitted for the appellants on briefs
signed by *H. G. Dreier* and *P. J. Winter,* and for the re-
spondents on a brief signed by *M. J. Wallrich,* attorney, and
*Wallrich, Dillett & Larson,* counsel.

WINSLOW, J. The findings of the referee to the effect
that the defendants were justified in refusing to furnish ta-
ble board, care, and the annual cash payment after December
1, 1900, are vigorously attacked, but we find ourselves unable
to say that they are against the clear preponderance of the

evidence. The evidence shows that for more than two years after the making of the deed the parties lived in different portions of the same house fairly harmoniously, but that dur-ing the third year personal difficulties of a most serious na-ture commenced, and continued with ever increasing vio-lence until the final break came in November, 1900. It would not be useful to attempt to state the testimony as to these difficulties in detail. It is a tale of insult, abuse, crim-ination, and personal violence upon both sides which is not pleasant to contemplate. Each party claimed that the re-sponsibility for these deplorable family difficulties lay with the other, and the referee found, with ample evidence to sup-port his conclusion, that it lay with the plaintiffs, and that a further continuance of any relations involving personal care or the furnishing of board was practically impossible. Having come to this conclusion, he determined that the per-sonal relations and duties under the contract should cease, that the defendants should keep the farm, pay all sums that they had agreed to pay therefor in cash, render an equiva-lent in cash for all personal care and board which had been suspended after the difficulties culminated in open war, make payments of cash instead of board and services in the future, and pay the reasonable funeral expenses of the plaintiffs at death. It is objected that the court has made a new contract for the parties and that the court has no power to do such a thing. This might indeed be a serious objection were the de-fendants here appealing from the judgment, but they are not.

The question is, upon the plaintiffs' appeal, whether the judgment does not give them as much as or more than they are entitled to. They first breached the contract. They made it practically impossible for the defendants to carry out their agreement to furnish board, fuel, and personal services. Plainly they could not demand rescission. It would be a serious question whether in this situation they

had not forfeited their right to enforce the conditions of the
bond as to board and personal service.   Certainly they can
have no ground for complaint when the court, in lieu of these
conditions which they themselves have practically prevented
the defendants from carrying out, adjudges that the defend-
ants render to them annually what seems to be a full equiva-
lent in cash.   Notwithstanding their own default, they are
to receive under the judgment all the money payments agreed
on, besides a full money equivalent for the board, fuel, and
personal services provided for in the bond.   If they were
entitled to any relief they were entitled to no greater relief
than this.

*By the Court.*—Judgment affirmed.